UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN FEBO, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>ALAMEDA COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 19-cv-00803-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; ADDRESSING PENDING MOTIONS**<br><br>Re: Dkt. Nos. 5, 8, 11, 18 |

## INTRODUCTION

Plaintiff, a pretrial detainee at Santa Rita Jail, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

### A. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint will be DISMISSED with leave to amend because it violates Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires the pleader to set forth his averments in a simple, concise, and direct manner. Before undertaking to determine whether a complaint may have merit, the Court may insist upon compliance with its rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *see also Crawford–El v. Britton*, 523 U.S. 574, 597 (1998) (encouraging "firm application" of federal rules in prisoner cases). The Court simply does not have the resources to scour the 162 pages of Plaintiff's complaint and over 200 pages of exhibits and organize the allegations contained therein in order to perform its screening duty under § 1915A. Instead, the Court must insist on Plaintiff's compliance with Rule 8, and will accordingly dismiss the complaint with leave to file an amended complaint that contains only "a short and plain statement" of Plaintiff's claims. *McHenry v. Renne*, 84 F.3d 1172, 1177–78 (9th Cir.) (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant" and providing an example of a properly-pleaded claim, which could be "read in seconds and answered in minutes").

To assist Plaintiff in preparing an amended complaint, the Court reviews some of the applicable procedural rules and relevant legal principles.

2

**Rule 8.** Rule 8 of the Federal Rules of Civil Procedure requires that a complaint's allegations be short and plain; simple, concise, and direct; and describe the relief sought. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). In his amended complaint, Plaintiff should list the constitutional right he has, describe what and when each defendant did or failed to do, and describe how each defendant's acts or omissions caused him injury. A long pleading that goes into unnecessary detail about events not directly related to the constitutional violations suffered by the plaintiff, such as describing injuries to third parties or assaults committed by Plaintiff or relationships between third parties; that proffers personal opinion; or that speculates as to defendants' motives, will likely result in continued delay of the review required by 28 U.S.C. § 1915A or an order dismissing this action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of the Court's instructions.

**Rule 20.** Federal Rule 20 of the Federal Rules of Civil Procedure provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits . . ." *Id.* "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id.* In the complaint, Plaintiff has named twenty-three defendants, but the claims against the defendants appear to arise out of separate series of occurrences and/or present different questions of law. In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named therein. Plaintiff needs to choose the claims he wants to pursue

3

in this action that also meet the joinder requirements. If Plaintiff has suffered constitutional violations that may not be raised in the same action, he may bring separate actions to seek relief.

**Standing**. The prudential limitations of Article III standing require *inter alia* that a plaintiff assert his own rights, rather than rely on the rights or interests of third parties. *See Estate of McKinney v. United States*, 71 F.3d 779, 782 n.4 (9th Cir. 1995). This means that ordinarily a plaintiff does not have standing to complain about the deprivations of the constitutional rights of others. *Powers v. Ohio*, 499 U.S. 400, 410 (1991). Constitutional claims are personal and cannot be asserted vicariously. *See, e.g., Conn v. Gabbert*, 526 U.S. 286, 292 (1999) (attorney had no standing to assert § 1983 claim that prosecutor's action interfered with his client's alleged right to have him outside the grand jury room); *United States v. Ayon-Meza*, 177 F.3d 1130, 1133 (9th Cir. 1999) (one cannot vicariously assert the Fourth Amendment rights of another); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (non-attorney raising due process claim under 42 U.S.C. § 1983 may appear *pro se* on his own behalf, but has no authority to appear as attorney for others). Furthermore, "a litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell v. United States,* 308 F.2d 78, 79 (9th Cir. 1962). The complaint goes into great details about injuries suffered by other inmates (e.g., gassing, harassment, assault) and other individuals (humiliation of his father). Plaintiff is reminded that, with certain exceptions, he only has standing to bring claims for injuries that he has personally suffered.

**Handling of Prison Grievances.** The alleged mishandling of inmate grievances does not give rise to a separate due process claim under § 1983 because there is no constitutional right to a prison or jail administrative appeal or grievance system in California, and therefore no due process liability for failing to process or decide an inmate appeal properly. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). However, a refusal to process an inmate grievance might have a bearing on an Eighth Amendment claim for deliberate indifference to medical needs or inmate safety. If a defendant only denied an inmate grievance about a medical problem that had already occurred and was complete (e.g., a failure to treat a broken leg that had long since healed) or a safety issue that had since been addressed, there would be no liability for a constitutional violation; however, where the problem is an ongoing

4

need and the inmate grievance seeks a remedy of the ongoing problem, Eighth Amendment liability could be based on the denial of an inmate appeal, just as it could be based on the denial of a verbal request from the inmate. *Cf. Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (supervisor may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to prisoner's request for help).

**Submission of Evidence**. The Court is not a repository for the parties' evidence. Evidence (i.e., prison or medical records, witness affidavits, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief. For screening purposes, the Court must assume that Plaintiff's factual allegations are true. It is unnecessary for a plaintiff to submit exhibits in support of the allegations in a complaint. Thus, if Plaintiff chooses to file an amended complaint, it is sufficient for him to simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

**C.     Pending Motions**

The Court DENIES Plaintiff's motion requesting appointment of counsel. Dkt. No. 5. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). *Id.* Here, exceptional circumstances requiring the appointment of counsel are not evident. It is not yet clear what Plaintiff's claims will be, and Plaintiff has thus far ably litigated this case.

The Court DENIES as moot Plaintiff's motion requesting joinder of defendants (Dkt. No. 8) and his motion requesting leave to file a supplemental pleading (Dkt. No. 18) because the complaint has been dismissed with leave to amend. The Court also DENIES as moot Plaintiff's requesting leave to serve a subpoena on Alameda County Sheriff Gregory Ahern (Dkt. No. 11)

because the complaint has been dismissed with leave to amend and it is not yet clear what Plaintiff's claims will be.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend to address the deficiencies identified above. Within **twenty-eight (28) days** of the date of this order, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-00803 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

If Plaintiff chooses to file an amended complaint, **Plaintiff should make it as concise as possible**. The amended complaint must be complete in itself without reference to any prior pleading because an amended complaint completely replaces the previous complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference.

**Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.** The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

This order terminates Dkt. Nos. 5, 8, 11, and 18.

**IT IS SO ORDERED.**

Dated: 7/24/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge